UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. |
| KIRK V. SMITH | § § | 13-553 |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
(18 U.S.C. § 1344 – Bank Fraud)

#### Introduction

At all times material to this information:

1. Defendant **KIRK V. SMITH** was a resident of Brazoria County, Texas and controlled a group of title insurance companies. These included Guardian Fidelity Title Company, Ltd.; Guardian Fidelity Title CLR, LLC; Guardian Fidelity Title NWR, LLC; Guardian Fidelity Title CLR, LLP; Guardian Fidelity Title NWR, LLP; Guardian Fidelity Title KTB, Ltd.; Guardian Fidelity Title SB, Ltd.; and Guardian Fidelity Title DFT, Ltd. Defendant **SMITH** also controlled Old Guard Financial Services, LLC and DCH Financial, Ltd., which sold mortgage products to residential home buyers. These entities are referred to collectively in this information as the "GFT companies."

2. Prosperity Bank, First Community Bank, Amegy Bank, Regions Bank, Capital One Bank, Texas Citizens Bank, and Trustmark Bank (the "Houston-area banks") were financial institutions which did business within the Southern District of Texas and had deposits insured by the Federal Deposit Insurance Corporation (FDIC).

3. The FDIC was an agency of the United States government which insured member financial institutions against substantial loss for the purpose of preventing bank failure and instilling public confidence in the nation's banks by insuring deposits up to $250,000 per account.

## The Scheme

4. Beginning in at least January 2007 and continuing through June 2008, within the Houston Division of the Southern District of Texas, the Defendant

**KIRK V. SMITH**

did knowingly execute and attempt to execute a scheme and artifice to defraud the Houston-area banks, which were federally insured financial institutions.

## Manner and Means of the Scheme

It was part of the scheme that:

5. Defendant **SMITH** would and did devise a check-kiting scheme, whereby he signed checks drawn on the business accounts of the GFT companies knowing that the accounts did not have sufficient funds to cover the checks.

2

6. Defendant **SMITH** would and did then deposit those checks into other GFT company accounts, thereby artificially inflating the account balances.

7. Defendant **SMITH** would and did then write further checks, using the inflated balance caused by the deposit of the insufficient fund checks, and deposit those checks into either the original issuing account or other GFT company accounts.

8. Defendant **SMITH**'s personal assistant would and did keep a ledger listing the actual account balances as calculated by the GFT companies' accounting records as well as the fraudulently inflated account balances as calculated by the Houston-area banks.

9. Defendant **SMITH** would and did engage in these transactions for the purpose of artificially inflating the GFT companies' account balances at the Houston-area banks and placing the funds represented by the inflated balances at Defendant **SMITH**'s disposal.

10. Defendant **SMITH** would and did use the fraudulently inflated account balances at the Houston-area banks without institutional approval as interest-free loans, lines of credit, and sources of funds for his personal use.

## Execution of the Scheme

On or about the date set forth below, within the Houston Division of the Southern District of Texas, defendant

**KIRK V. SMITH**

knowingly executed and attempted to execute the scheme and artifice to defraud as set out below:

| COUNT NO. | DEPOSIT DATE | AMOUNT | FINANCIAL TRANSACTION |
|---|---|---|---|
| 1 | 2/6/2007 | $8,752.65 | Check #1003, written on Capital One Bank account #xxxxxx6773, signed by defendant **SMITH**, and deposited to Trustmark Bank account #xxxxxx0132. |

In violation of Title 18, United States Code, Section 1344.


KENNETH MAGIDSON
UNITED STATES ATTORNEY


BY: *John P. Pearson*
  JOHN P. PEARSON
  ASSISTANT U.S. ATTORNEY